Filed 3/15/22  P. v. DelCambre CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAMON DELCAMBRE,<br><br>    Defendant and Appellant. | B308999<br><br>(Los Angeles County<br>Super. Ct. No. BA227612) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Ronald S. Coen, Judge.  Reversed and remanded with directions.

Alan Siraco, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior

Assistant Attorney General, Amanda V. Lopez and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Damon DelCambre, convicted in 2003 of first degree murder with a true finding the murder had been committed during the course of a 1994 bank robbery, appeals the superior court's denial of his petition for resentencing pursuant to Penal Code section 1170.95[1] without issuing an order to show cause and holding an evidentiary hearing to determine his eligibility for relief.  We agree the superior court erred in holding DelCambre's petition was precluded as a matter of law by the jury's felony-murder special-circumstance finding, made more than a decade before the Supreme Court's identification in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) of the factors properly considered to assess whether a defendant had been a major participant in an underlying serious felony and acted with reckless indifference to human life.  The superior court also committed prejudicial error by prematurely engaging in factfinding when it determined, as an alternate basis for its denial of the petition, that this court's 2004 opinion, which summarized the evidence at trial and held that evidence was sufficient to support the felony-murder special-circumstance finding, established DelCambre's ineligibility for resentencing relief.  We reverse the order denying DelCambre's petition and remand with directions to issue an order to show cause and to conduct further proceedings in accordance with section 1170.95, subdivision (d).

_____

[1]      Statutory references are to this code.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *DelCambre's Felony-murder Conviction*

On May 4, 1994 Nery Orellana, a security guard at the Hanmi Bank on Western Avenue in Los Angeles, saw DelCambre in the bank's parking lot.[2] DelCambre went over to a storage facility for a few minutes, then returned to his car, telling the guard the storage was too expensive. The prosecutor argued DelCambre was familiarizing himself with the bank in anticipation of the robbery.

In the late morning of May 5, 1994 two teenagers, wearing hooded sweatshirts, entered the bank and, after a minute, walked over to the security guard on duty, Eddy Sanchez, who was standing by the door. One of the youths grabbed Sanchez's gun; the other held his arm. A loan officer saw this take place and pressed the alarm button before ducking under his desk. The loan officer then heard a shot. When he came out from behind his desk, he saw Sanchez lying on the floor and called the 911 emergency number. By that time the two young men had fled. Sanchez died from a gunshot wound.

As the struggle with the bank guard was taking place, one of the tellers, after hearing what she thought was a gunshot, suddenly saw a man (subsequently identified as DelCambre) standing in front of her. The man told the teller to put money into the bag he had placed on the countertop. The robber then

---

[2]     Both DelCambre and the Attorney General rely on the summary of evidence in our opinion affirming DelCambre's conviction. (*People v. DelCambre* (Aug. 9, 2004, B168754) [nonpub. opn.].) We do as well.

took the bag (containing approximately $20,000) and ran out of the bank.

DelCambre was arrested in 2000 following the robbery of a different bank. Orellana and the bank teller identified DelCambre in photographic and live lineups as the person they had seen in the parking lot and Hanmi Bank in May 1994.

DelCambre's first trial ended in a mistrial when the jury was unable to reach a verdict. He was convicted at a second trial of the first degree murder of Sanchez (§ 187, subd. (a)) with a true finding on a felony-murder special-circumstance allegation (§ 190.2, subd. (a)(17)) and one count of robbery based on the unrelated 2000 crime. In a bifurcated proceeding the court found true that DelCambre had suffered two prior serious or violent felonies within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12) and section 667, subdivision (a), and had served three prior prison terms for felonies (§ 667.5, subd. (b)). The trial court sentenced DelCambre to life without parole for the special-circumstance felony murder plus a consecutive term of 25 years to life as a third strike offender for the 2000 robbery.

We affirmed DelCambre's conviction on appeal (*People v. DelCambre* (Aug. 9, 2004, B168754) [nonpub. opn.]),[3] rejecting, among other arguments, DelCambre's contention the robbery-murder special-circumstance finding was not supported by substantial evidence: "[S]ufficient evidence supports a finding that defendant acted with reckless indifference and was a major participant in the Hanmi Bank robbery. Defendant knew there

---

[3] Although affirming the judgment of conviction, we ordered the abstract of judgment corrected to strike the award of presentence custody credit.

4

was an armed security guard at the bank; he had spoken to him the day before. The evidence supports an inference that part of the robbers' plan was to immediately subdue the security guard upon entry into the bank and take the guard's weapon while defendant took funds from the teller. Once that was accomplished, it became extremely likely that death could result because the two bank robbers were in possession of a weapon under stressful circumstances. Once the guard was shot, neither defendant nor the other two robbers made any attempt to come to his aid or to ascertain the extent of his injuries. Furthermore, any contention that the evidence does not support a finding that defendant was a major participant is belied by facts showing his participation in the planning of the robbery by casing the scene the day before and his instrumental role in taking money from the cash drawer of the teller."

2. *DelCambre's Petition for Resentencing*

On October 1, 2020 DelCambre, represented by counsel, filed a petition for resentencing under section 1170.95. In the petition and an accompanying declaration DelCambre alleged he had been charged and convicted under a felony-murder theory and could not now be convicted of first or second degree murder because of changes made to sections 188 and 189 by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437).

On October 2, 2020 the superior court, without requesting opposition from the prosecutor or appearances by either party, denied the petition after "examin[ing] the entire record of conviction, including the appellate opinion affirming, as modified, petitioner's conviction." Citing *People v. Galvan* (2020) 52 Cal.App.5th 1134, review granted October 14, 2020, S264284,

5

the court ruled, although DelCambre's trial took place well before the Supreme Court's decisions in *Banks*, *supra*, 61 Cal.4th 788 and *Clark*, *supra*, 63 Cal.4th 522, the jury's special-circumstance finding was "sufficient to summarily deny a Penal Code section 1170.95 petition." In addition, observing that this court's opinion "appeared to predict the *Banks* factors," the court ruled our holding that substantial evidence supported a finding DelCambre had acted with reckless indifference and was a major participant in the Hanmi Bank robbery precluded relief as a matter of law.

DelCambre filed a timely notice of appeal.

## DISCUSSION

1. *Senate Bill 1437 and the Section 1170.95 Petition Procedure*

Senate Bill 1437 substantially modified the law relating to accomplice liability for murder, eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843 (*Gentile*)) and significantly narrowing the felony-murder exception to the malice requirement for murder. (§§ 188, subd. (a)(3), 189, subd. (e); see *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)[4] It also authorized, through new section 1170.95, an individual convicted of felony murder or murder based on the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have

[4]     As amended by Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2), effective January 1, 2022, the ameliorative provisions of Senate Bill 1437 now also apply to attempted murder and voluntary manslaughter.

been convicted of murder because of Senate Bill 1437's changes to the definition of the crime. (See *Lewis*, at p. 957; *Gentile*, at p. 843.)

If the section 1170.95 petition contains all the required information, including a declaration by the petitioner that he or she is eligible for relief (§ 1170.95, subd. (b)(1)(A)), the court must appoint counsel to represent the petitioner, if requested (§ 1170.95, subd. (b)(3)),[5] and direct the prosecutor to file a response to the petition, permit the petitioner to file a reply and determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1170.95, subd. (c); see *Lewis*, *supra*, 11 Cal.5th at pp. 962-963.)

In determining whether the petitioner has carried the burden of making the requisite prima facie showing he or she falls within the provisions of section 1170.95 and is entitled to relief, the superior court properly examines the record of conviction, "allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) However, "the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause. . . . However, if the record, including the court's own documents, contain[s] facts refuting the allegations made in the petition, then the court is justified in making a

---

[5] Prior to enactment of Senate Bill No. 775 the requirement to appoint counsel was set forth in subdivision (c) of section 1170.95.

7

credibility determination adverse to the petitioner." (*Id.* at pp. 970-971, internal quotation marks omitted.)

If the section 1170.95, subdivision (c), prima facie showing has been made, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts. (§ 1170.95, subd. (d)(1).) At the hearing the prosecution has the burden of proving, "beyond a reasonable doubt, that the petitioner is guilty of murder . . . under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (d)(3), as amended by Senate Bill No. 775, effective January 1, 2022.)[6] The prosecutor and petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens. (See *Gentile*, *supra*, 10 Cal.5th at pp. 853-854.)

2. *Section 189, Subdivision (e)(3), and the Narrowed Felony-murder Rule*

At the time of DelCambre's trial in 2003, section 189 permitted a conviction for felony murder by imputing malice to a participant in an inherently dangerous felony, including robbery, that resulted in a homicide. (See *People v. Chun* (2009) 45 Cal.4th 1172, 1184.) As amended by Senate Bill 1437, section 188, subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and

---

[6] Senate Bill No. 775 also amended section 1170.95, subdivision (d)(3), to clarify that "[a] finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing."

8

requires proof of malice to convict a principal of murder except under the revised felony-murder rule as set forth in section 189, subdivision (e).  That provision requires the People to prove specific facts relating to the defendant's individual culpability: The defendant was the actual killer (§ 189, subd. (e)(1)); although not the actual killer, the defendant, with the intent to kill, assisted in the commission of the murder (§ 189, subd. (e)(2)); or the defendant was a major participant in an underlying felony listed in section 189, subdivision (a), and acted with reckless indifference to human life, "as described in subdivision (d) of Section 190.2," the felony-murder special-circumstance provision (§ 189, subd. (e)(3)).

The overlapping factors for assessing whether a defendant was a major participant in an underlying serious felony and acted with reckless indifference to human life for purposes of section 190.2, subdivision (d), and thus for new section 189, subdivision (e)(3), were identified by the Supreme Court in *Banks*, *supra*, 61 Cal.4th 788 and *Clark*, *supra*, 63 Cal.4th 522, and reiterated most recently in *In re Scoggins* (2020) 9 Cal.5th 667 (*Scoggins*).  As to whether the defendant was a major participant in one of the specified felonies, the *Banks* Court listed the following factors:  "What role did the defendant have in planning the criminal enterprise that led to one or more deaths?  What role did the defendant have in supplying or using lethal weapons?  What awareness did the defendant have of particular dangers posed by the nature of the crime, weapons used, or past experience or conduct of the other participants?  Was the defendant present at the scene of the killing, in a position to facilitate or prevent the actual murder, and did his or her own actions or inaction play a particular role in the death?  What did

the defendant do after lethal force was used?" (*Banks*, at p. 803, fn. omitted.)

As to whether a defendant acted with reckless indifference to human life, the Supreme Court has enumerated the following factors: "Did the defendant use or know that a gun would be used during the felony? How many weapons were ultimately used? Was the defendant physically present at the crime? Did he or she have the opportunity to restrain the crime or aid the victim? What was the duration of the interaction between the perpetrators of the felony and the victims? What was the defendant's knowledge of his or her confederate's propensity for violence or likelihood of using lethal force? What efforts did the defendant make to minimize the risks of violence during the felony?" (*Scoggins, supra*, 9 Cal.5th at p. 677; accord, *Clark, supra*, 63 Cal.4th at pp. 618-622.) "'"[N]o one of these considerations is necessary, nor is any one of them necessarily sufficient."'" (*Scoggins*, at p. 677; accord, *Banks*, *supra*, 61 Cal.4th at p. 803.)

As the *Scoggins* Court explained, "Reckless indifference to human life is 'implicit in knowingly engaging in criminal activities known to carry a grave risk of death.'" (*Scoggins, supra*, 9 Cal.5th at p. 676; accord, *Banks*, *supra*, 61 Cal.4th at p. 808 ["[a]wareness of no more than the foreseeable risk of death inherent in any [violent felony] is insufficient"; reckless indifference to human life requires "knowingly creating a 'grave risk of death'"].) "Reckless indifference 'encompasses a willingness to kill (or to assist another in killing) to achieve a distinct aim, even if the defendant does not specifically desire that death as the outcome of his actions.'" (*Scoggins*, at pp. 676- 677, quoting *Clark, supra*, 63 Cal.4th at p. 617.)

3. *The Superior Court Erred in Denying DelCambre's Petition Without Issuing an Order To Show Cause*

a. *The jury's pre-*Banks*/*Clark *felony-murder special-circumstance finding does not preclude relief as a matter of law*

In *People v. Harris* (2021) 60 Cal.App.5th 939, 954-958, review granted April 28, 2021, S267802, we disagreed with the analysis and holding of *People v. Galvan*, *supra*, 52 Cal.App.5th 1134, review granted, that a jury's pre-*Banks/Clark* felony-murder special-circumstance finding precludes relief under section 1170.95 absent a successful challenge to the evidentiary support for the finding through a petition for writ of habeas corpus. We also held in *Harris*, although a pre-*Banks/Clark* jury would have been instructed it had to find the defendant was a major participant in the underlying felony that led to the victim's death while acting with reckless indifference to human life to find the felony-murder special-circumstance allegations true, the elements now found in section 189, subdivision (e)(3), such a pre-*Banks/Clark* finding, without more, does not preclude relief under section 1170.95. (*Harris*, at p. 957; see *Scoggins*, *supra*, 9 Cal.5th at pp. 673-674 ["[w]here a decision clarifies the kind of conduct proscribed by a statute, a defendant whose conviction became final before that decision 'is entitled to post-conviction relief upon a showing that his [or her] conduct was not prohibited by the statute' as construed in the decision"]; *People v. Secrease* (2021) 63 Cal.App.5th 231, 256, review granted June 30, 2021, S268862 ["[A] jury's pre-*Banks* and *Clark* special circumstance determination cannot, by itself, defeat the allegations of Secrease's petition as a matter of law. There must also be a judicial determination of the sufficiency of the evidence to support that determination, and Secrease is entitled to have it

made in a section 1170.95 proceeding—under current law"].)

The Attorney General contends the superior court properly relied on *Galvan* to deny DelCambre's petition and once again argues that *Harris* was incorrectly decided, but he has presented no persuasive reason for us to modify our view on this issue.[7]

b. *The record of conviction does not establish DelCambre is ineligible for resentencing as a matter of law*

Although the jury's pre-*Banks/Clark* felony-murder special-circumstance finding, standing alone, does not preclude resentencing under section 1170.95, the superior court was authorized to review the record of conviction before it issued an order to show cause to determine whether DelCambre was ineligible for resentencing under section 1170.95 as a matter of law. (See *Lewis*, *supra*, 11 Cal.5th at p. 971.) As a general matter, however, determining whether an aider and abettor was a major participant in the underlying felony who acted with a reckless indifference to human life is a fact-intensive inquiry, properly performed by the trier of fact following issuance of an order to show cause and an evidentiary hearing. (Cf. *Scoggins*, *supra*, 9 Cal.5th at p. 683 [determining whether a defendant was a major participant in an underlying felony who acted with reckless indifference to life within the meaning of the special-circumstance statute "requires a fact-intensive, individualized

---

[7]     Whether a felony-murder special-circumstance finding made before *Banks*, *supra*, 61 Cal.4th 788 and *Clark*, *supra*, 63 Cal.4th 522 precludes a defendant from making a prima facie showing of eligibility for relief under section 1170.95 is pending before the Supreme Court in *People v. Strong*, review granted March 10, 2021, S266606.

inquiry"]; *In re Parrish* (2020) 58 Cal.App.5th 539, 542 [Supreme Court has prescribed "a fact-intensive and individualized inquiry" to determine whether the evidence demonstrates reckless indifference and major participation].)

Here, contrary to the superior court's finding and the Attorney General's argument on appeal, although there is evidence DelCambre could still be convicted of murder under the felony-murder rule, the record of conviction does not establish as a matter of law—that is, without weighing the evidence and engaging in factfinding—that he is ineligible for resentencing as a major participant in the robbery of Hanmi Bank who acted with reckless indifference to human life. (See *Lewis*, *supra*, 11 Cal.5th at p. 974 ["at the prima facie stage, a petitioner's allegations should be accepted as true, and the court should not make credibility determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion'"]; *People v. Duchine* (2021) 60 Cal.App.5th 798, 815 ["the time for weighing and balancing and making findings on the ultimate issues arises at the evidentiary hearing stage rather than the prima facie stage, at least where the record is not dispositive on the factual issues"].)

To be sure, DelCambre's role as a major participant in the robbery can hardly be disputed. After all, it was he who demanded and obtained money from the bank teller while his associates were disarming the bank guard. But the evidence he acted with reckless indifference to human life, although sufficient to support a pre-*Banks/Clark* special-circumstance finding, was not nearly so clear. In particular, although, as we held when affirming DelCambre's conviction, it may have been extremely likely that death could result once one of the robbers was in

13

possession of the guard's weapon under stressful circumstances, there is little evidence that DelCambre's own actions played any particular role in the events leading to Sanchez's death, let alone demonstrated "'a willingness to kill (or to assist another in killing) to achieve a distinct aim.'" (See *Scoggins*, *supra*, 9 Cal.5th at p. 677; *Clark, supra*, 63 Cal.4th at p. 617.) There is no indication in the record DelCambre or either of his teenage confederates was armed when they entered the bank. Although it is a reasonable inference, as we also held, that the perpetrators' intention from the outset was to disarm the guard, nothing suggests shooting him was planned or, indeed, that it was not completely accidental, in which case asking whether DelCambre made any effort to minimize the violence is meaningless. In addition, there is nothing in the record concerning DelCambre's prior relationship to the other two robbers, who were never apprehended; and his awareness of their propensity for violence or likelihood of using lethal force is entirely unknown. Other evidence may support a finding of reckless indifference (DelCambre fled immediately after obtaining the money from the teller and made no attempt to aid the fallen guard), but inferences from the evidence, even if reasonable, are not properly made before issuance of an order to show cause and an evidentiary hearing pursuant to section 1170.95, subdivision (d).

## DISPOSITION

The postjudgment order denying DelCambre's section 1170.95 petition is reversed.  On remand the superior court is to issue an order to show cause and to conduct further proceedings in accordance with section 1170.95, subdivision (d).


PERLUSS, P. J.


We concur:


SEGAL, J.


FEUER, J.

15